Hardin *vs.* The Central Bank of Georgia.

No. 51.—WILLIAM HARDIN, *et al.* plaintiff in error, *vs.* THE CENTRAL BANK OF GEORGIA, defendant.

[1.] A letter addressed by the plaintiff's attorney to the sheriff, authorising him to allow certain designated payments, in calculating the amount remaining due on sundry *fi. fas.* against the defendants, does not give that officer the right to enter those sums as *credits* upon said *fi. fas.*

Rule *nisi*, against the sheriff, in Floyd Superior Court, decided by Judge WRIGHT, May Term, 1848.

The facts are fully set out in the opinion of the Court.

W. H. UNDERWOOD, for plaintiff in error.

WM. MARTIN, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] At April Term, 1848, of the Superior Court of Floyd county, Wm. Martin, as counsel for the Central Bank, moved the Court that Thomas S. Price, dep. sheriff of said county, return sundry *fi. fas.* in favor of the Bank against Wm. Hardin, and others, into Court, with his actings and doings thereon, and shew cause, so soon as counsel could be heard, why he should not pay to the plaintiffs $8,696 75. The dep. sheriff returned two executions into Court, between the parties, together with the sum of $385 10, as the balance due thereon, having entered divers credits in extinguishment of the rest of the principal, interest and cost, for which said executions issued, and done, as he alleged, by virtue of a communication to that effect, from the attorney of the creditor to Samuel Johnson, his predecessor in office. This letter was as follows : "Dahlonega, 27th January, 1848. Early after your letter of the 14th Dec. last, was written, I received it, but was prevented by sickness, from giving you an earlier answer. I wish you to collect from Col. Hardin, all the claims I represent against him, in favor of the Central Bank. Let the collection be made as soon as possible, and please inform me of your progress in the case. Please pay all the money you can collect, to me, and not to the Bank, as I am entitled to my commissions out of it, and it will cause me some trouble to send to Milledgeville. If the collection should not be completed until your successor is qualified, please hand him this letter as a part of your instructions. The cases against H. T. Hardin are settled; besides which, we allow Col. Hardin the following credits, by which you may make correct calculations on the remaining cases, to-wit; 8th Nov. 1844, $1875 77. 18th March, 1846, $1513. 20th Feb. 1847, $480. 6th March, 1847, $2000. 6th Nov. 1847, $1000. Most of these payments are made at Bank, but *are* credited on the *fi. fas.* and I have instructions to allow them."

Upon the pretended authority of this letter, Price, the D. Sher-

Hardin *vs.* The Central Bank of Georgia.

iff, indorsed the following credits on the executions : " Received at the Central Bank of Georgia, two thousand dollars on the within *fi. fa.* which I am authorized to credit by Wm. Martin, the Bank Attorney, by letter, to bear date from the sixth of March, eighteen hundred and forty-seven; also, received at the Central Bank of Georgia, one thousand dollars on the within *fi. fa.* which I am authorized to credit by said Attorney, Wm. Martin, by letter, to bear date the sixth of November, eighteen hundred and forty seven.    This 13th day of March, 1848, (signed,) Thos. S. Price, D. Sheriff." And again, " March 18th, 1846, received at the Central Bank of Ga. fifteen hundred and thirteen dollars, on the within *fi. fa.* which I am authorized to credit by Wm. Martin, Bank Attorney, by letter, (signed,) Thos. S. Price, D. Sheriff."

By an inspection of the executions, it appears that only one of the credits specified by Mr. Martin, viz : that for $480, was entered on the two executions returned into Court as having been received at the bank.    No notice seems to have been taken by the D. Sheriff, of the payment of $1895,77, although it bears date subsequent to the executions, and would, if applied to their discharge, have overpaid them by some fifteen hundred dollars. Why he selected the other three, and made no reference to this, he does not explain.    He states that he acted " *in good faith,*" in indorsing these credits ; and as his return is made under oath, we are bound to believe him.

Judge Wright passed the following order: " It appearing to the Court that Thomas S. Price, D. Sheriff, has entered certain credits on the *fi. fas.* in favor of the Central Bank, against Wm. Hardin and others, without receiving any money whatever, on the supposed authority of a letter from William Martin, attorney of the plaintiff, and by a misconstruction thereof, ordered, that said Price erase and strike out said credits; and that the executions proceed as though they had not been entered."

The defendants in *fi. fa.* being present in Court, and heard by their counsel, objected to this rule ; and we are now called on by them to reverse it as erroneous.

To our minds, nothing can be clearer than that the presiding Judge was *right* in granting it, and that the letter of Mr. Martin, the attorney of the Bank, was no authority for entering these payments, upon these or any other executions.    For the sheriff to allow certain amounts, in ascertaining the balance due upon an ex-

ecution in his hand, (the only thing he was instructed to do in this case,) is one thing. To credit these sums, as monies received at the Central Bank of Georgia, is quite a different matter. The officer concedes, by his return, that no money, except the $385 10 had been paid him, and refers to the letter as his warrant for making these entries. That failing to sanction the act, the Court below could not do otherwise than order these entries to be erased· It would be competent, we apprehend, for the sheriff to correct his own entries, when made through mistake. Of the power of the Court to direct it to be done, there can be no doubt. The contents of this letter may have justified the sheriff in not raising the amount apparently due upon these executions, so far as to protect him from being ruled. But it could, we repeat, afford no authority for selecting three out of five payments mentioned, and entering them as payments made at the Bank.

No issue of fact was tendered by the defendants, suggesting payment; no affidavit of illegality filed on that ground, and no application made, to have these sums credited upon the executions. The Circuit Judge felt warranted, therefore, in ordering these *fi. fas.* to proceed—convinced, too, as he no doubt was, from the facts before him, that a part of these payments, at least, were applicable to other executions, which had existed between the parties.

Judgment affirmed.